## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Insulate SB, Inc.,

             Plaintiff,                    **MEMORANDUM OPINION AND ORDER**

    v.                                      Civil No. 13-2664 ADM/SER

Advanced Finishing Systems, Inc.; Airtech Spray Systems; Barnhardt Manufacturing Company; C.H. Reed, Inc.; C.J. Spray Inc.; Coast Industrial Systems, Inc.; Coatings Holdings, Ltd.; Demilec (USA), LLC; Dove Equipment Co., Inc.; Endisys Fluid Delivery Systems; Golden State Paint Corporation; Graco, Inc.; Graco Minnesota, Inc.; Jack De Mita; Intech Equipment & Supply, LLC; Marco Group International, Inc. (Marco); MCC Equipment & Service Center; Specialty Products, Inc.; Spray Foam Nation (registered under Energy Independence Inc.); Spray Foam Systems, LLC; Spray-Quip, Inc.; and Ultimate Linings, Ltd.;

             Defendants.

---

Christopher A. Nedeau, Esq., and Veronica L. Harris, Esq., Nossaman LLP, San Francisco, CA, and Richard A. Lockridge, Esq., and Karen Hanson Riebel, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff Insulate SB, Inc.

Stephen P. Safranski, Esq., Anne M. Lockner, Esq., and George D. Carroll, Esq., Robins, Kaplan, Miller & Ciresi, LLP, Minneapolis, MN, and Kellie Lerner, Esq., Robins, Kaplan, Miller & Ciresi, LLP, New York, NY, on behalf of Defendants Graco Inc., and Graco Minnesota, Inc.

Lewis A. Remele, Jr., Esq., and Christopher R. Morris, Esq., Bassford Remele P.A., Minneapolis, MN, on behalf of Defendants Advanced Finishing Systems, Inc.; Airtech Spray Systems; C.H. Reed, Inc.; C.J. Spray Inc.; Coast Industrial Systems, Inc.; Coatings Holdings, Ltd.; Demilec (USA), LLC; Engineered Distribution Specialties, LLC (identified in the Complaint as Endisys Fluid Delivery Systems); Golden State Paint Corp.; Intech Equipment & Supply, LLC; Marco Group International, Inc.; MCC Equipment & Service Center; Specialty Products, Inc.; Spray Foam Systems, LLC; Spray-Quip, Inc.; and Ultimate Linings, Ltd.

Elizabeth M. Sorenson Brotten, Esq., Foley & Mansfield, PLLP, Minneapolis, MN, and Jeanne Welch Sopher, Esq., and Kevin M. Ward, Esq., Rawle & Henderson LLP, Pittsburgh, PA, on behalf of Defendant Barnhardt Manufacturing Company.

Barry A. O'Neil, Esq., Lommen, Abdo, PA, Minneapolis, MN, and L. Pahl Zinn, Esq., Dickinson Wright PLLC, Detroit, MI, on behalf of Defendant Spray Foam Nation.

## I. INTRODUCTION

The above-entitled matter is before the undersigned United States District Judge on Plaintiff Insulate SB, Inc.'s ("Insulate") Motion to Amend or Alter the Judgment or, in the Alternative, for Relief from the Judgment [Docket No. 278] pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons set forth below, Insulate's motion is denied.

## II. BACKGROUND

The Court issued a Memorandum Opinion and Order ("Dismissal Order") [Docket No. 276] dismissing this case with prejudice on March 11, 2014. Final judgment was entered the following day. See Judgment, March 12, 2014 [Docket No. 277]. Insulate now brings this post judgment motion under Rules 59(e) and 60(b), requesting the judgment be amended to allow Insulate to seek leave to amend the Complaint. Insulate contends the proposed amendments to the Complaint address the deficiencies identified in the Court's Dismissal Order, and argues the motion should be granted because it is "consistent with the liberal standard that applies to motions to amend under [Federal] Rule [of Civil Procedure] 15(a)(2)."[1] Pl.'s Mem. Supp. Mot. [Docket No. 280] 2.

---

[1] Federal Rule of Civil Procedure 15(a)(2) pertains to amendments before trial, and states in relevant part: "The court should freely give leave [to amend] when justice so requires."

### III.  DISCUSSION

"Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal."  Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993).  "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered."  United States ex rel. Roop v. Hpyoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009).  It is "well-settled that district courts in this circuit have considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits."  United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742-43 (8th Cir. 2014) (internal quotations omitted) (alteration in original).  Post judgment leave to amend "will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."  Id. at 743 (citing Dorn v. State Bank of Stella, 767 F.2d 442, 443-44 (8th Cir. 1985)).

Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 934 (8th Cir. 2006) (internal quotations and citations omitted).  A motion under Rule 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances."  Dale and Selby Superette & Deli v. U.S. Dep't Ag., 838 F. Supp. 1346, 1348 (D. Minn. 1993).  Rule 60(b) likewise requires a movant to show

"exceptional circumstances" warranting "extraordinary relief." Mask of Ka-Nefer-Nefer, 752 F.3d at 743 (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)).

Insulate's request for post judgment leave to amend falls short of the strict standards under Rules 59(e) and 60(b) for at least three reasons. First, Insulate fails to identify any extraordinary circumstances that would have prevented it from seeking leave to amend the Complaint prior to the entry of judgment. Denial of leave to amend is proper if a plaintiff "is seeking to amend the pleadings after the court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." Mask of Ka-Nefer-Nefer, 752 F.3d at 743-44 (quoting Horras v. Am. Cap. Strategies, Ltd., 729 F.3d 798, 804 (8th Cir. 2013)). Insulate was on notice of Defendants' challenges to the Complaint as early as October 23, 2013, when Defendants filed their motions to dismiss. Thus, Insulate had five months to file a motion seeking leave to amend before the case was dismissed, but chose not to do so. Instead, Insulate argued the claims had been adequately pled. See generally Mem. Opp'n Graco's Mot. Dism. [Docket No. 249]; Mem. Opp'n Distributor Defs.' Mot. Dism. [Docket No. 253]. Bearing in mind the Rule 15(a)(2) considerations that favor allowing parties the opportunity to test their claims on the merits, the Court finds that Insulate had ample opportunity to seek leave to amend the Complaint prior to dismissal, but elected not to act. As a result, justice does not require that Insulate be given leave to amend at this belated time.

Insulate argues that it "requested leave to amend the complaint if the Court should find the complaint insufficient." Pl.'s Mem. Supp. Mot. at 3. However, Insulate's "request" consisted of a single sentence in each of its briefs opposing the motions to dismiss. See Mem.

Opp'n Graco's Mot. Dism. at 49; Mem. Opp'n Distributor Defs.' Mot. Dism. at 27.  Insulate did not file a motion to amend the Complaint and did not present the Court with a proposed amended complaint.  The Local Rules require that a motion to amend a pleading include "a copy of the proposed amended pleading" and "a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." L.R. 15.1(b).  Thus, no motion for leave to amend was before the Court, and the Court's dismissal without leave to amend was proper.  See Ellis v. City of Minneapolis, 518 F. App'x 502, 504-05 (8th Cir. 2013) ("[A] district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint."); Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1236 (8th Cir. 2010) (holding dismissal of antitrust complaint without leave to amend proper where plaintiff requested leave to amend in its reply brief but did not submit proposed amended complaint or describe what amendments would be made); O'Neil v. Simplicity, Inc., 574 F.3d 501, 505 (8th Cir. 2009) (affirming district court's denial of plaintiff's request for leave to amend where request was made in plaintiff's response brief and plaintiff had not submitted proposed amended pleading or filed motion to amend); Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.").

Additionally, Insulate is seeking to introduce new legal theories and arguments that could have been offered or raised prior to the entry of judgment.  "A district court does not abuse its discretion in denying a plaintiff leave to amend the pleadings to change the theory of their case after the complaint has been dismissed under Rule 12(b)(6). " Briehl v. Gen. Motors Corp., 172

F.3d 623, 629 (8th Cir. 1999) (citing Parnes v. Gateway 2000, Inc., 122 F.2d 539, 550 (8th Cir. 1997) and Humphreys, 990 F.2d at 1082). Plaintiffs should not be allowed to "use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010) (internal quotations omitted); see also Nat'l Sec. Counselors v. CIA, 960 F. Supp. 2d 101, 135 (D.D.C. 2013) (denying plaintiff's request for leave to amend because request was "a naked attempt to evade the effect of [the Court's] Memorandum Opinion and Order Dismissing the plaintiff's claim.") (internal quotations omitted, alteration in original).

The proposed amended complaint demonstrates that Insulate is attempting to change the theory of its case by omitting earlier allegations that had been relied on by the Court in dismissing the Complaint and replacing those allegations with completely contrary assertions. As just one example, the Court concluded in its Dismissal Order that the Complaint failed to allege a plausible anti-trust conspiracy claim against distributors of Graco products, because the distributors' conduct in not carrying products competitive to Graco was attributable to the their independent self interests, rather than to a conspiracy to exclude Graco's competitors from the market. Dismissal Order at 17. In so holding, the Court relied on the allegation in the original Complaint that "distributors cannot afford to take on a new competitive product line, if they risk the loss of access to Graco's products, and new entrants cannot compensate the distributors to make such a switch." Compl. [Docket No. 1] ¶ 113. This allegation has been deleted from the Proposed Amended Complaint and replaced with completely opposite assertions that: "Because there were other FSE products on the market . . . Distributors could have chosen to distribute

competitive FSE products and not participate in the boycott," and "Instead of making independent business decisions on . . . the demands of their customers, Distributors joined and enforced the conspiracy to rid the market of competing manufacturers." Nedeau Decl., Apr. 9, 2014 [Docket No 282] Ex. A ("Proposed Amended Complaint") ¶¶ 117-18.  Insulate's efforts to change the theory of its case in response to the Dismissal Order and argue facts and theories that "could have been offered or raised prior to entry of judgment" cannot be permitted.  Metro St. Louis, 440 F.3d at 934.

Further, allowing Insulate to amend the Complaint after its dismissal is inconsistent with the standards governing Rules 59(e) and 60(b) relief because the Court is convinced that no manifest error of law or fact was committed and no newly discovered evidence has been offered that would warrant a different outcome.  Thus, reopening the case to allow Insulate leave to amend would give Insulate an unwarranted "second bite at the apple," and would unduly prejudice over thirty Defendants nationwide by requiring them to incur litigation costs that could have been avoided had Insulate moved to amend the Complaint before judgment.

Finally, even if Insulate could satisfy the rigorous standards under Rules 59(e) and 60(b), the request for leave to amend would still be denied based on futility.  See Hammer v. City of Osage Beach, MO, 318 F.3d 832, 844 (8th Cir. 2003) (listing futility of amendment as a "compelling" reason for denying leave to amend).  Nearly all of the new allegations in the Proposed Amended Complaint are bald assertions rather than factual allegations,[2] and the proposed amendments do not overcome the Court's conclusions in the Dismissal Order that: (1)

---

[2] The few factual, rather than conclusory, allegations that have been added pertain to conduct by Jack De Mita, who was named as a Defendant in the original Complaint but not in the Proposed Amended Complaint.  See Proposed Amended Complaint ¶¶ 112-115, 136, 137.

Insulate's claims are time barred, and (2) Insulate has failed to state a plausible claim for relief.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Insulate SB, Inc.'s Motion to Amend or Alter the Judgment or, in the Alternative, for Relief from the Judgment [Docket No. 278] is **DENIED.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 21, 2014.